Filed 6/26/15  P. v. Robles CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>ROBERT ROGER ROBLES,<br><br>        Defendant and Appellant. | B260049<br><br>(Los Angeles County<br>Super. Ct. No. PA079861) |

        APPEAL from a judgment of the Superior Court of Los Angeles County, Lloyd M. Nash, Judge.  Affirmed.

        William L. Heyman, under appointment by the Court of Appeal, for Defendant and Appellant.

        No appearance for Plaintiff and Respondent.

                        _____

In accord with a negotiated plea agreement, defendant and appellant Robert Roger Robles pleaded no contest to one count of assault by means likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4)),[1] and the trial court sentenced him to state prison for the low term of two years. Robles filed a timely appeal and we appointed counsel to represent him on appeal. Appointed counsel on appeal filed an opening brief pursuant to the procedures approved in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We affirm the judgment.

## FACTS[2]

On February 11, 2014, Thomas Murphy was with Terri Feinstein when he saw Robles at their location. Murphy told Robles that he was not allowed on the property, and a verbal argument ensued. Feinstein and Robles were involved in prior domestic violence incidents, and there was an existing restraining order issued against Robles. Feinstein and Murphy drove away in Feinstein's vehicle. Robles ran after the vehicle. When the vehicle stopped at a stop sign, Robles caught up to the vehicle and, while holding a metal object in his hand, punched Murphy in the face through the open passenger side window. Murphy bled profusely from his head, onto his clothing and the vehicle. Later the same day, Murphy filed a battery report against Robles at the Los Angeles Police Department Mission Station. Murphy did not seek medical attention, but, as of June 2014, he had a scar on his forehead and continued to experience headaches and had trouble sleeping.

The People filed a complaint for an arrest warrant charging Robles with assault with a deadly weapon, a metal object (count 1; § 245, subd. (a)(1)) and misdemeanor disobeying a court order (count 2; § 166, subd. (a)(4)). It was further alleged as to count 1 that Robles had two prior drug-related convictions and served prison terms. (§ 667.5, subdivision (b).)

---

[1]     All further undesignated section references are to the Penal Code.

[2]     As there was no preliminary hearing or trial, the facts summarized in this opinion are taken from the pre-conviction report prepared by the probation officer.

Robles was arraigned on the complaint and pleaded not guilty to counts 1 and 2. Thereafter Robles and defense counsel properly executed a "Felony Advisement of Rights, Waiver, and Plea" form. On the People's motion, the trial court ordered the complaint amended by interlineation to add count 3, a violation of section 245, subdivision (a)(4), a felony, to which Robles then pleaded no contest. Defense counsel joined in the plea, concurred in the waivers, and stipulated to a factual basis based on the reports. In accord with the plea agreement, the court denied probation denied and sentenced Robles to state prison for the low term of two years as to count 3. On the People's motion, the court dismissed counts 1 and 2.

Two months later, Robles, representing himself, filed a hand-written motion to withdraw the plea. Robles's motion asserted that, "due to the I.A.C. [ineffective assistance of counsel] and violation of [his] due process in open court, [he] was never informed of [the count 3] charge by [his] attorney." Further, Robles asserted that he "simply pleaded guilty to a charge [he was] not guilty of."

The trial court denied Robles's motion to withdraw his plea and his request for certificate of probable cause.

Robles filed a timely notice of appeal from the trial court's order denying his motion to withdraw his plea.

## DISCUSSION

We appointed counsel to represent Robles on appeal. Appointed counsel has filed a brief pursuant to *Wende, supra,* 25 Cal.3d 436, requesting independent review of the record on appeal for arguable issues. The *Wende* brief indicates that counsel mailed a copy of the brief and the record on appeal to Robles at his last known address at the Sierra Conservation Center in Jamestown, California. We thereafter notified Robles by letter (at the same Jamestown address) that he could submit any claim, argument or issues that she wished our court to review. Our letter was returned with postal notification that it could not be delivered and could not be forwarded because there was no forwarding

3

address.[3] Robles has not filed any claim or argument.  We have independently reviewed the record on appeal, and find that appointed counsel has fulfilled his duty, and that no arguable issues exist.  (*Wende, supra,* 25 Cal.3d 436, *People v. Kelly* (2006) 40 Cal.4th 106.)

## DISPOSITION

The judgment is affirmed.

BIGELOW, P. J.

We concur:

RUBIN, J.

GRIMES, J.

---

[3]   The postal notification indicates that Robles may have been discharged.